# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murry Hull,                                    :
                          Petitioner           :
                                               :
           v.                                  :    No. 1714 C.D. 2018
                                               :    Submitted: May 17, 2019
Pennsylvania Board                             :
of Probation and Parole,                       :
                          Respondent           :


BEFORE:     HONORABLE MARY HANNAH LEAVITT, President Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE CHRISTINE FIZZANO CANNON, Judge


**OPINION NOT REPORTED**


**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                    **FILED: August 9, 2019**


Murry Hull (Hull), pro se, petitions for review of a November 29, 2018 Order of the Pennsylvania Board of Probation and Parole (Board) that dismissed Hull's request for administrative review as untimely. Hull filed his petition for administrative review on May 24, 2017, wherein he sought to challenge the Board's decision, mailed June 14, 2016, that recalculated his maximum sentence date. Upon review of the certified record, we affirm.

On March 26, 2013, Hull was released to a community corrections center (CCC) on parole. (Certified Record (C.R.) at 7.) At the time of his parole, Hull was serving a 7- to 14-year sentence, and his maximum sentence date was September 8, 2019. (Sentence Status Summary, C.R. at 1-2.) On July 8, 2013, the

Board issued a Warrant to Commit and Detain. (*Id.* at 12.) Hull admitted to violating certain conditions of his parole, waived his right to counsel and hearings, and was recommitted as a technical parole violator (TPV) to serve six months. (*Id.* at 13-15, 30.) On August 22, 2013, the Board issued an Order to Recommit. (*Id.* at 27.) Hull's maximum date remained unchanged. (*Id.* at 30, 36.) Hull was automatically reparoled on January 8, 2014. (*Id.* at 37.) Police filed new charges against Hull on October 9, 2014. (*Id.* at 44-49.) On October 30, 2014, the Board issued a Warrant to Commit and Detain. (*Id.* at 50.) Once again, Hull admitted to the parole violations and waived his right to counsel and hearings. (*Id.* at 51-52.) Hull ultimately pleaded guilty to a summary offense, but was recommitted as a TPV to serve six months on December 5, 2014. (*Id.* at 68-70, 78.)

The Board automatically reparoled Hull on April 30, 2015. (*Id.* at 81.) The Board issued a Warrant to Commit and Detain Hull on May 20, 2015, as a result of new criminal charges being filed. (*Id.* at 86-87.) Bail on the new charges was set at $5000 on May 21, 2015, then increased to $10,000 on June 1, 2015, before being modified to $0 on July 14, 2015. (*Id.* at 93.) On March 7, 2016, Hull pled guilty and was sentenced to three to six months in a county jail, with credit for time served, for receiving stolen property. (*Id.* at 103-04.) He admitted to the conviction and waived his right to counsel and a revocation hearing. (*Id.* at 114.) On May 9, 2016, the Board issued its Order to Recommit Hull as a convicted parole violator (CPV). (*Id.* at 132.) The Board determined Hull forfeited 399 days and recalculated his maximum date as October 22, 2020. (*Id.*) A Notice of Board Decision dated May 9, 2016, and mailed June 14, 2016, advised Hull that he was being recommitted as a CPV to serve 12 months of backtime. (*Id.* at 146-47.) The

2

decision further advised Hull that he had 30 days in which to appeal the decision. (*Id.* at 147.)

At this point, the parties' rendition of events differs. Hull maintains he sent correspondence to the Board on June 30, 2016, and again on October 20, 2016, challenging the Board's actions. The Board maintains the first correspondence it received from Hull was on May 30, 2017, which it treated as a request for administrative review. Based upon this filing, the Board dismissed his request as untimely, having been filed nearly a year after the Board's June 14, 2016, decision. It did not reach the merits of the issues raised in Hull's request, namely that the Board miscalculated the time credit Hull received and his maximum date. Hull now petitions this Court for review.

On appeal,[1] Hull argues the Board should have treated his June 30, 2016, and October 20, 2016, correspondence, as an administrative appeal because it contained the requisite information. Had the Board done so, his challenge would be timely and the Court could review whether the Board miscalculated his credit for street time and his maximum date. As proof that he timely appealed, Hull has attempted on multiple occasions to introduce copies of the handwritten correspondence he alleges he mailed to the Board. Hull first filed an objection to the certified record and sought to expand the certified record to include copies of the June 30, 2016, and October 20, 2016 correspondence.[2] Upon Hull's objection,

---

[1] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

[2] Hull also sought to introduce a parole application dated September 29, 2017. The Board, in response to Hull's objection, acknowledged receipt of the application but stated it did not include it in the certified record as it was irrelevant to this appeal.

3

the Board searched its records and indicated that it found no evidence of either letter. By order dated March 25, 2019, this Court denied Hull's request. Hull sought reconsideration of that order, which was denied on April 4, 2019. Despite prior orders excluding Hull's request to supplement the record, Hull included copies of the correspondence in his reproduced record and cited to the correspondence throughout his brief.

The Board does not argue the merits of Hull's appeal, instead arguing that because Hull's Request for Administrative Review was untimely filed, it properly dismissed that request. It maintains it did not receive the correspondence Hull allegedly sent on June 30, 2016, or October 20, 2016, and points out that Hull has not produced any evidence of mailing. Based upon the evidence of record, the Board argues the Court should affirm the Board's Order finding the Request for Administrative Review untimely.

The timeliness of a petition for administrative review is governed by Section 73.1(b) of the Board's regulations, which provides, in relevant part:

> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. This subsection supersedes 1 Pa. Code § 35.226.
>
> . . .

(3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

. . . .

37 Pa. Code § 73.1(b)(1), (3).

"This time period is jurisdictional and cannot be extended absent a showing of fraud or a breakdown of the administrative process." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). Failure to meet this deadline means the Board is without jurisdiction to consider the appeal. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Here, the Board action from which Hull sought the Board's review was mailed June 14, 2016. Therefore, Hull had until July 14, 2016, to file a timely request for administrative review. The Board received Hull's request for administrative review on May 30, 2017, nearly a year past the 30-day deadline.

To the extent Hull relies on the handwritten letter dated June 30, 2016, to support his claim that he timely sought review of the Board's decision, we cannot agree. First and foremost, the alleged letter is not part of the certified record. "An appellate court is limited to considering only those facts that have been duly certified in the record on appeal." *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). "For purposes of appellate review, that which is not part of the certified record does not exist." *Id.* "Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record." *Id.* Moreover, Hull has not offered any evidence, such as a certificate of mailing or cash slip, evidencing the letters were in fact mailed, such that he may be entitled to *nunc pro tunc* relief.

5

Based upon the foregoing, we affirm the Board's Order.


_____
**RENÉE COHN JUBELIRER,** Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Murry Hull,                                          :
                     Petitioner                :
                                 :
             v.                                :     No. 1714 C.D. 2018
                                 :
Pennsylvania Board                                   :
of Probation and Parole,                             :
                    Respondent                :

# O R D E R

    **NOW**, August 9, 2019, the Order of the Pennsylvania Board of Probation and Parole, entered in the above-captioned matter, is **AFFIRMED**.

                                                  _____
                                          **RENÉE COHN JUBELIRER,** Judge